JOHNNY FOLMAR DRILLING COMPANY, Inc., et al., Appellants,

v.

CITY OF QUITMAN, Appellee.

No. 7289.

Court of Civil Appeals of Texas.

Texarkana.

March 28, 1961.

Rehearing Denied April 25, 1961.

Ramey & Ramey, Sulphur Springs, Malone, Seay & Gwinn, Dallas, for appellants.

Fulton, Hancock & McClain, Gilmer, W. D. Brown, Quitman, for appellee.

FANNING, Justice.

The opinion of February 21, 1961 in this cause is withdrawn and the following opinion is substituted in lieu thereof.

The City of Quitman sued Johnny Folmar Drilling Company, Inc., and Old Colony Insurance Company as the surety on Folmar's bond, for damages sustained for breach of contract by Folmar, Inc., to drill a water well for the City of Quitman. The City of Quitman filed a motion for summary judgment which was sustained by the trial court as to the liability issues. After a further hearing on the amount of damages due, the trial court rendered judgment in favor of appellee City and against appellants jointly and severally for the sum of $25,243.55, with interest from date of judgment and costs. Old Colony and Folmar have appealed.

■ Appellant Folmar has filed a brief adopting the brief of Old Colony. Appellant Old Colony by its first six points in its brief contends to the effect that there were material issues of fact raised, and that the trial court erred in sustaining the City's motion for summary judgment, and erred in rendering judgment against appellants in favor of the City.

The written contract between Folmar and the City was guaranteed by a performance bond executed by Folmar as principal and Old Colony as surety. Under the contract Folmar agreed to drill for the City a gravel walled water well to a depth of 400 feet, or to the base of the Carrizo sand, whichever was lesser. Under the contract it was agreed that Folmar would drill a test well (small diameter) to a depth sufficient to test the Carrizo Springs formation approximately 400 feet. A sample of water was to be taken by Folmar and tested by a reputable laboratory chosen by Folmar. If the laboratory test was acceptable to the engineers of the City, Folmar was to proceed to drill the permanent large bore water well at this location. *Furthermore, in said contract it was specifically covenanted that the water produced from this completed well would be equal to the laboratory test of water taken from the test hole.*

The test hole was drilled and the water analyzed by Curtis Laboratory at Houston, Texas, and this analysis showed that the water sample from the test hole contained .2 parts per million iron. This analysis was satisfactory to the engineers for the City, and Folmar proceeded to drill the water well.

On June 11, 1957, Folmar was paid by the City on his contract of $25,243.25, on an estimate submitted by him and approved by the City's engineers, the sum of $16,690. On July 18, 1957, the City paid Folmar the balance of $7,151.04, on the final settlement, on approval by the City's engineers.

After the completion of the drilling of the water well and before turning the water into the city mains, there was a delay of some months because electrical connections could not be obtained and it was not until about November, 1957 that the water was turned into the city lines, when it was discovered that the water had too much iron in it and could not be used by the City. On completion of the well it did not produce water of the same quality as shown by the laboratory test made of the test hole. *The completed water well produced water containing 2.02 parts per million iron which was not suitable for use by the City, and the City had to shut off the water from use in its City mains.* Demand by the City was made upon Folmar and Old Colony to remedy the situation, and several futile attempts were made by Folmar to remedy the matter. After futile attempts and failure to comply with the contract on the part of Folmar and Old Colony, the City brought its suit against Folmar and the surety, Old Colony, resulting in the judgment of the appellee City against the appellants above described.

Under the material undisputed evidence it is clear that Folmar did not drill the well in accordance with the contract, in that when the well was completed it did not produce water of the same chemical analysis as the water in the test hole.

■ The record is also conclusive that the contract was not void because of alleged

impossibility of performance. In connection with this matter see the following authorities: Northern Irr. Co. v. Dodd, Tex.Civ.App., 162 S.W. 946, wr. ref.; Pagenkpof v. Phelps, Tex.Civ.App., 253 S.W. 619, err. dism.; Embry v. Lewis, Tex.Civ. App., 19 S.W.2d 87; Ellwood v. Nutex Oil Co., Tex.Civ.App., 148 S.W.2d 862, wr. ref.

A portion of the contract in question provides: " * * * Neither the Certificate of Acceptance nor the final payment, nor any provision in the Contract Documents, shall relieve the Contractor of the obligation for fulfillment of any warranty which may be required in the Special Conditions of the Specifications."

The Contract in question also provides: "Preliminary Approval. The Engineer shall not have the power to waive the obligations of this contract for the furnishing by the Contractor of good material, and of his performing good work as herein described, and in full accordance with the plans and specifications."

We hold that under the record in this case no genuine issues of negligence, estoppel or waiver were raised. See the following authorities: 17 Tex.Jur. 138, Sec. 10; Pagenkpof v. Phelps, Tex.Civ.App., 253 S. W. 619, err. dism.; Mercantile Trust Co. v. Hensey, 205 U.S. 298, 27 S.Ct. 535, 51 L.Ed. 811; Wenzel & Henoch Const. Co. v. Metropolitan Water Dist. of Southern California, 9 Cir., 115 F.2d 25; United Const. Co. v. Haverhill, 2 Cir., 22 F.2d 256; United States v. Walsh, 2 Cir., 115 F. 697; 54 A.L. R. 1258.

Appellant Old Colony's points 1 through 6 are overruled.

Appellant Old Colony's points 7 and 8 are without merit and are overruled.

Appellant Old Colony's 9th point reads as follows: "The error of the Trial Court in failing and refusing to give this appellant, as surety for Johnny Folmar Drilling Company, Inc., a judgment against its principal for the amount of said judgment, which relief was asked for in paragraph 8, and in the prayer, of this appellant's pleading."

Appellee City in reply to appellant Old Colony's 9th point, by its 7th counterpoint and statement thereunder states:

"The Appellee has no quarrel with the Appellant, Old Colony Insurance Company, in its position that it is entitled to judgment over against its principal, Johnny Folmar Drilling Company, Inc., for the amount of the judgment. (In Reply to Appellants' Ninth Point).

"Statement

"The attorney for the Appellee drew up the judgment and inadvertently left out the provision for judgment over and against the Appellant, Folmar. This Court can correct the judgment to meet this request as far as the Appellee is concerned. It does not require a reversal nor a remand as far as the trial Court's actions concerning the cause of action against the Appellee and the Appellants."

It appears from the briefs of all parties that there is no dispute that Old Colony as a surety was entitled to judgment over and against its principal Folmar. Appellee also states in its brief that this matter was inadvertently left out of the judgment when appellee's counsel drew up the judgment. If this matter had been timely called to the attention of the trial judge he would undoubtedly have corrected it. Appellant Old Colony's 9th point is sustained.

The judgment of the trial court is affirmed, with the modification that the surety Old Colony recover over and against its principal Folmar the amout of the judgment rendered by the trial court in favor of appellee city against Old Colony and Folmar, jointly and severally.

Affirmed as modified.